UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAOUL A. GALAN, JR.                              CIVIL ACTION

VERSUS                                           CASE NO. 16-14759

LARRY GEGENHEIMER, *et al.*                      SECTION: "G"(2)

## ORDER

Before the Court is Plaintiff Raoul A. Galan, Jr.'s ("Plaintiff") "Motion for Reconsideration,"[1] requesting that the Court reconsider its ruling[2] denying Plaintiff's "Petition for Injunction."[3] Having reviewed the motion, the memorandum in support, the record, and the applicable law, the Court will deny the motion.

## I. Background

In his Petition for Injunction, Plaintiff appeared to assert that Defendants Larry Gegenheimer and Sheila Gegenheimer ("Defendants") obtained two separate Notices of Seizure and Writs of Execution/Fieri Facias by order of a court against two of Plaintiff's properties.[4] Plaintiff averred that the seizures were set for Monday, September 19, 2016 at 10:00 a.m. by the United States Marshal Service.[5] Plaintiff stated that he had exhausted all other remedies "to protect

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 4.

[3] Rec. Doc. 1.

[4] *Id.* at 2.

[5] *Id.*

his life, liberty and property from the above Notice and Writ," and sought an injunction from this Court.[6] Because Plaintiff requested immediate action, the Court interpreted the filing as a motion for a temporary restraining order without notice.[7] The Court denied the motion on September 16, 2016, finding, *inter alia*, that Plaintiff had not asserted the basis for the Court's jurisdiction over this matter and had not met his burden on any of the four elements for a temporary restraining order.[8] On September 27, 2016, Plaintiff filed a motion for reconsideration, requesting that the Court grant an injunction to "dismiss, void, and/or resend (recission)" the sales of his properties and the "1987 judgment against plaintiff."[9]

## II. Plaintiff's Arguments

In support of his motion, Plaintiff re-asserts that he is entitled to qualified immunity from when he served as an elected public official from 1984 to 1988.[10] He states that he "was acting in his official capacity with qualified immunity when he terminated both defendants for several reasons."[11] Plaintiff presents new arguments that Defendants engaged in material misrepresentations to a court, malicious conduct, unjust enrichment, and intentional infliction of emotion distress.[12] Plaintiff alleges that if this Court does not grant the injunction, it will cause "emotion and physical health problems with [his] immediate family" who live in or rely on those

---

[6] *Id.*

[7] Rec. Doc. 5 at 2.

[8] *Id.* at 2–3.

[9] Rec. Doc. 6 at 2.

[10] *Id.* at 1.

[11] *Id.* at 2.

[12] *Id.* at 2–3.

properties and will harm the public interest by allowing a sale of a house with potentially hazardous living conditions to go forward.[13] Plaintiff also argues that various rules and regulations governing the sale of property were violated, such as that the notice of service was not sufficient and that a Hazardous Disclosure Form was not completed before sale.[14] Plaintiff further asserts that Defendants violated various federal laws when they cancelled Plaintiff's mortgages "without approval from the Secretary of U.S. Treasury."[15] Finally, Plaintiff alleges that he has suffered multiple violations of his constitutional rights during the course of these events.[16]

### III. Law and Analysis

#### A.      *Legal Standard*

The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[17] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[18] with relief being warranted only when the basis for relief is "clearly establish[ed]."[19] Courts in the Eastern District of Louisiana have

---

[13] *Id.* at 2.

[14] Rec. Doc. 6-1 at 2.

[15] *Id.* at 2 (citing 12 U.S.C. §1811 *et seq.* and 12 U.S.C. §1825(b)(2).

[16] *See* Rec. Doc. 1 at 2.

[17] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[18] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[19] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

> (1)   the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2)   the movant presents newly discovered or previously unavailable evidence;
>
> (3)   the motion is necessary in order to prevent manifest injustice; or
>
> (4)   the motion is justified by an intervening change in controlling law.[20]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[21] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[22] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[23] Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[24] and the motion must "clearly establish" that reconsideration is warranted.[25] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[26]

---

[20] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

[21] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[22] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[23] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[24] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citation omitted).

[25] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[26] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002).

### B.       Analysis

Here, the Court previously denied Plaintiff's petition for an injunction because he failed to

allege the basis of the Court's jurisdiction in this matter and did not meet his burden on any of the

four elements for a temporary restraining order.[27] As the Court noted in its prior Order, in order to

obtain a temporary restraining order, a plaintiff must establish the following essential elements:

(1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the

injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the

injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public

interest.[28]

In the pending motion, Plaintiff does not present the Court with any new facts, evidence,

or legal arguments unavailable to him when he filed his first motion and that would merit

reconsideration. Plaintiff argues that a failure to grant the injunction may result in significant injury

to the mental and physical health of his family and that the public interest will be served by

stopping the sale of a potentially hazardous house, which concerns two elements needed to obtain

a temporary restraining order.[29] However, he has not provided any information as to the likelihood

of success on the merits of the matter, that the threatened injury outweighs any damage that the

injunction will cause to the adverse party, or that the injunction will not do disservice to the public

interest in other ways. Thus, the Court finds that Plaintiff has failed to raise any persuasive reason

---

*See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[27] Rec. Doc. 5 at 3.

[28] *Id.* at 2 (citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)).

[29] Rec. Doc. 6 at 2. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

that the underlying Order denying his petition for injunction was improper.[30] Moreover, a motion for reconsideration is not the appropriate mechanism for Plaintiff to assert new state law and federal law claims against Defendants or "to argue a case under a new legal theory."[31] Thus, the Court finds that Plaintiff's Motion for Reconsideration indicates a mere disagreement with the Court's prior order and does not "clearly establish" that reconsideration is warranted.[32]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of October, 2016.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[30] *See Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 470 F. App'x 309, 313 (5th Cir. 2012).

[31] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *see Williams*, 470 F. App'x at 313 ("Appellants' motion for reconsideration also raised new legal theories and asserted new state law causes of action. But these are not proper uses of a Rule 60(b) motion.").

[32] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).